Ed Lawler v. The State.

No. 4607. Decided November 28, 1917.

Rehearing denied January 21, 1920.

1.—Recognizance—Penalty—Practice in District Court.

Where the recognizance failed to set out the penalty assessed, and followed the form of a recognizance provided in felony convictions, the same was insufficient and the appeal must be dismissed.

2.—Same—Statutes construed—Criminal District Court of Dallas County.

The Act giving the Criminal District Court of Dallas County jurisdiction of misdemeanor cases does not specifically modify articles 918 and 919, Branch Annotated C. C. P., and does not provide for prescribing a different form of recognizance in a misdemeanor case appealed from Dallas county than elsewhere.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Robert B. Seay, judge.

Appeal from a conviction of a misdemeanor for contributing to the delinquency of a female child under eighteen years of age; penalty, a fine of $500, and six months confinement in the county jail.

The opinion states the case.

*Ellis P. House,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted in a misdemeanor and failed to set out in his recognizance the penalty assessed but follows the form of a recognizance provided in felony convictions, article 903 C. C. P.

The recognizance in misdemeanors has been uniformly held insufficient where it failed to state the punishment. Branch's An. P. C., p. 314, sec. 615. Answering a motion of the State to dismiss on this ground, attention is directed to the fact that the Act giving the Criminal District Court of Dallas County jurisdiction of misdemeanor cases provides that the practice shall be the same as in trial of other cases over which the Criminal District Courts of Dallas County have jurisdiction. There is thus presented a question of difficulty. However, articles 918 and 919 of the Act prescribing the manner of appeal by recognizance in misdemeanor cases are not specifically modified by the Act in question and no reason occurs to us for prescribing a different form of recognizance in a

misdemeanor case appealed from Dallas County than elsewhere. We believe that it was not the intention of the Legislature by the Act creating the Criminal District Court of Dallas County to so direct. We are of the opinion on the contrary that the general statute applies and in consequence the motion to dismiss must be sustained.

The appeal is dismissed.

*Dismissed.*